**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PARAGONIX TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>TRAFEROX TECHNOLOGIES, INC.<br><br>Defendant. | C.A. No. 2:26-cv-00982<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Paragonix Technologies, Inc. ("Paragonix") for its Complaint against Defendant Traferox Technologies, Inc. ("Traferox"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281 and 283–285.

**THE PARTIES**

2. Plaintiff Paragonix Technologies, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 950 Winter Street, North, Waltham, Massachusetts 02451.

3. On information and belief, Traferox is a corporation organized and existing under the laws of Canada located at 3505 Laird Rd., Unit 16, Mississauga, ON, L5L 5Y7.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338 and because this action arises under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, Traferox is not a resident of the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3).

6. Upon information and belief, Traferox is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least in part to its substantial business in this State including: (A) at least part of its infringing activities alleged herein or those committed vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers alleged herein which purposefully avail Traferox of the privilege of conducting those activities in this state and, thus, demonstrate that Traferox submits itself to the jurisdiction of this Court; (B) regularly doing business or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to Texas residents vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers, and (C) offering for sale, selling, and importing infringing goods into the stream of commerce and into the United States with the knowledge and expectation that such products are, will be, and continue to be sold, offered for sale, and/or imported into Texas.

7. Traferox's instructions for use for the Accused Products (defined below) also demonstrate that Traferox is purposefully availing itself of the privilege of conducting business in Texas. For example, these instructions state that they "are intended to be distributed in the United

States," which on information and belief includes distribution in Texas. *See* Ex. 25 (XºPort Lung Preservation System Instructions for Use), Ex. 26 (XºPort Heart Preservation System Instructions for Use), Ex. 27 (VIºPort Liver Preservation System Instructions for Use).

8. On information and belief, Traferox also offers for sale, sells, and ships products, including the Accused Products, directly to consumers and imports those products into the United States, including to customers within Texas. For example, Traferox asserts that one of the Accused Products "has since been adopted by 7 of the 10 highest-volume US lung transplant centers and more than half of all lung transplant programs in the US" and that with the FDA clearance of the X°Port Heart Preservation System, another Accused Product, "Traferox will begin making 10°C heart preservation available to transplant centers across the United States." Ex. 28 (https://traferox.com/traferox-technologies-inc-receives-fda-clearance-for-the-xport-heart-preservation-system/).

9. On information and belief, Texas has at least seven centers that performed at least one lung transplant in 2025, including Baylor College of Medicine Medical Center, which, on information and belief, performed 102 lung transplants and is a top-ten US transplant center by volume. *See* Lung Transplant Centers, TRANSPLANTS.ORG, *available at* https://www.transplants.org/transplant-centers/find/organ-transplant/lung-transplant?sort=volume (last accessed Oct. 29, 2026).

10. Traferox further states that it looks "forward to working with transplant centers across the US to support the adoption of 10°C preservation in routine clinical practice" and provides an email address for customers interested in using the Accused Products at their hospital, which on information and belief, includes hospitals throughout Texas.

This clearance marks an important milestone for Traferox and for the continued advancement of 10°C organ preservation. We look forward to working with transplant centers across the US to support the adoption of 10°C preservation in routine clinical practice.

If you're interested in introducing 10°C preservation to your program, get in touch with us at info@traferox.com




Ex. 29 (Traferox LinkedIn Post).

11. The network of transplant centers operates across geographic boundaries, as the donor organs are transported from the donor to the recipient. Therefore, on information and belief, the Accused Products are used and/or transported through Texas, including in connection with organ procurement, transport, and transplantation activities occurring within Texas.

12. Traferox performed clinical trial testing on at least one of the Accused Products in Texas in collaboration with the University of Texas Southwestern Medical Center. The multi-center clinical trial began in June of 2023 and is estimated to be completed in November 2026. The "brief summary" describing the study states that it will compare donor lung preservation protocols using Traferox's X°Port Lung Transport Device. On information and belief, at least a portion of the study is taking place in Dallas, Texas in collaboration with the University of Texas Southwestern Medical Center.

**United States**

Arizona Locations

**Phoenix, Arizona, United States, 85050**
Dignity Health (St. Joseph's Hospital and Medical Center)

California Locations

**San Francisco, California, United States, 94143**
University of California San Francisco

Florida Locations

**Coral Gables, Florida, United States, 33146**
University of Miami

Michigan Locations

**Grand Rapids, Michigan, United States, 49503**
Corewell Health Research Institute

Minnesota Locations

**Rochester, Minnesota, United States, 55905**
Mayo Clinic

Tennessee Locations

**Nashville, Tennessee, United States, 37232**
Vanderbilt University Medical Center

Texas Locations

**Dallas, Texas, United States, 75390**
University of Texas Southwestern Medical Center

Ex. 30 (10°C vs 4°C Lung Preservation RCT Clinical Study Record) (annotated).

## Collaborators and Investigators

This is where you will find people and organizations involved with this study.

Sponsor

**University Health Network, Toronto**

Collaborators

- Medical University of Vienna
- Vanderbilt University
- Puerta de Hierro University Hospital
- University of California, San Francisco
- Centre Hospitalier Universitaire Vaudois
- Mayo Clinic
- St Vincent's Hospital, Sydney
- University of Texas Southwestern Medical Center
- Corewell Health West
- University of Miami
- University Hospital of Leuven Leuven
- Centre hospitalier de l'Université de Montréal (CHUM)
- University Hospital, Zürich
- Dignity Health
- Hospital Universitario 12 de Octubre
- Marie Lannelongue Hospital, Le Plessis Robinson, France

*Id.* (annotated).

13. On information and belief, Traferox has actually sold products, including the Accused Products, to customers within Texas.

14. Traferox has also registered trademarks, including the word mark TRAFEROX (Reg. No. 8285607), with the United States Patent and Trademark Office. This indicates prior commercial use and future planned commercial use of the mark within the United States for products that include, *inter alia*, "instruments and consumables for organ transplant, transport, assessment and ex-vivo therapy, namely, sterile organ chambers for use in ex-vivo organ support, medical devices to regulate organ temperature . . . instruments to assess and monitor organs for transplant and . . . organ chambers, and transport coolers."

15. Traferox has placed and continues to place infringing products into the U.S. stream of commerce. On information and belief, Traferox has placed such products into the stream of commerce with the knowledge and expectation that such products are, will be, and continue to be sold, offered for sale, and/or imported into the State of Texas.

16. This Court has personal jurisdiction over Traferox, directly or through intermediaries, distributors, importers, customers, subsidiaries, and/or consumers, because Traferox has committed acts of direct and/or indirect patent infringement within Texas, and elsewhere within the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Traferox would not offend traditional notions of fair play and substantial justice.

17. In the alternative, if Traferox maintains that it is not subject to personal jurisdiction of the courts of general jurisdiction of any state, the Court has personal jurisdiction over Traferox under Federal Rule of Civil Procedure 4(k)(2), because the claims for patent infringement in this action arise under federal law and exercising jurisdiction over Traferox is consistent with the U.S. Constitution.

## PARAGONIX AND THE ASSERTED PATENTS

18. Paragonix Technologies is a pioneer in organ transplant technologies and organ procurement services. Since its founding in 2010, Paragonix has continually improved patient outcomes as a leading developer, manufacturer, and service provider in the organ transplant industry.

19. Paragonix Advanced Organ Preservation devices have preserved over 20,000 donor organs and represent a significant improvement over the traditional standard of care in organ preservation. Paragonix's devices maintain a consistent thermal environment designed to prevent exposing donor organs to freezing temperatures through stable cooling techniques that aim to help

improve post-transplant outcomes in donor organ recipients. Digital tracking and monitoring technologies assist clinicians in helping monitor the donor organ status throughout its transplant journey, including temperature and location tracking. Paragonix also offers customized clinical support to over 250 transplant centers through its 24/7 national support system composed of experienced transplant clinicians.

20. The impact of Paragonix preservation technology is supported by clinical studies and the GUARDIAN clinical registries, the world's largest database of organ preservation data offering analysis of post-transplant outcomes. For example, one clinical study performed using GUARDIAN registry data shows use of the Paragonix SherpaPak® System for heart transplants improved survival rates annually through 4 years post-transplant compared to ice.

21. To protect its intellectual property resulting from its significant investments in research and development, Paragonix has sought and been awarded patents directed to various organ preservation inventions and technologies. Among others, Paragonix's patents include U.S. Patent Nos. 12,543,729 (the "'729 Patent"), 12,557,806 (the "'806 Patent"), 12,564,187 (the "'187 Patent"), 12,610,943 (the "'943 Patent"), 12,660,813 (the "'813 Patent"), and 12,740,557 (the "'557 Patent") (collectively, the "Asserted Patents").

22. United States Patent No. 12,543,729 is titled "System for Hypothermic Transport of Samples" and issued on February 10, 2026. The '729 Patent is generally directed to methods for the hypothermic transport of donor organs. Ex. 1 ('729 Patent), Abstract, cl.1, 11. The methods use a portable storage container with a basket to support and secure the organ and limit its movement. *Id.* at cl. 1, 11. The methods use cooling packs within the portable storage container and maintain a stable internal temperature, which can range between approximately 2 and 10

degrees Celsius. *Id*. Paragonix is the assignee and owner of all right, title, and interest in the '729 Patent, a copy of which is attached as Exhibit 1.

23. United States Patent No. 12,557,806 is titled "System for Hypothermic Transport of Samples" and issued on February 24, 2026. The '806 Patent is generally directed to a system for hypothermic transport of a donor organ. Ex. 2 ('806 Patent), Abstract, cl. 1, 9, 21. The system includes a container with an insert to receive and support the organ, protect the organ while the container is moving, and provide an internal insulated environment. *Id.* at cl. 1, 9, 21. The system further includes a lid to help in providing an insulated environment. *Id.* The system may also include a temperature sensor and be designed to maintain a specified internal temperature, ranging from approximately 2 to 10 degrees Celsius. *Id*. Paragonix is the assignee and owner of all right, title, and interest in the '806 Patent, a copy of which is attached as Exhibit 2.

24. United States Patent No. 12,564,187 is titled "Apparatus for Tissue Transport and Preservation" and issued on March 3, 2026. The '187 Patent is generally directed to a system for storing an organ. Ex. 3 ('187 Patent), Abstract, cl. 1. The storage system includes a transport container configured to receive an organ with an internal basket to support the organ, a shelf suspended above the organ with openings to hold cooling material and promote heat transfer between the cooling material and the organ, and a lid to form an insulated environment within the transport container. *Id.* at cl. 1. The system also includes a temperature probe that measures the internal temperature of the container and connects to a temperature datalogger. *Id.* The system may be configured to maintain an approximate temperature or temperature range, varying between approximately 0 and 12 degrees Celsius. *Id*. Paragonix is the assignee and owner of all right, title, and interest in the '187 Patent, a copy of which is attached as Exhibit 3.

25. United States Patent No. 12,610,943 is titled "Apparatus for Tissue Transport and Preservation" and issued on April 28, 2026. The '943 Patent is generally directed to methods for storing an organ by maintaining a desired temperature inside a transport container. Ex. 4 ('943 Patent), Abstract, cl. 1, 18–20. Inside the transport container, a basket holds the organ within a bag and a shelf holds cooling material above the organ. *Id.* at cl. 1, 18–20. A temperature probe is positioned inside the transport container and connects to an external display for monitoring the temperature within the transport container. *Id.* In some methods, the display is wirelessly connected to the temperature probe. *Id.* Paragonix is the assignee and owner of all right, title, and interest in the '943 Patent, a copy of which is attached as Exhibit 4.

26. United States Patent No. 12,660,813 is titled "Apparatus for Tissue Transport and Preservation" and issued on June 23, 2026. The '813 Patent is generally directed to a system for transporting an organ. Ex. 5 ('813 Patent), Abstract, cl. 1. The system may include a transport container, with an internal organ container to support the organ, a tray with openings to hold cooling material above the organ, a lid to seal the transport container and maintain an insulated environment, and a temperature sensor positioned within the container. *Id.* at cl. 1. Paragonix is the assignee and owner of all right, title, and interest in the '813 Patent, a copy of which is attached as Exhibit 5.

27. United States Patent No. 12,740,557 is titled "Apparatus for Tissue Transport and Preservation" and issued on September 22, 2026. The '557 Patent is generally directed to systems for storage of a donor organ. Ex. 6 ('557 Patent), Abstract, cl. 1, 11. The systems include a storage container and a lid configured to be positioned on the storage container, a tray with walls to hold cooling material and limit its movement, and a temperature sensor to measure the internal temperature. *Id.* at cl. 1, 11. The system may further include a handle and wheels on the storage

container and a display displaying the internal temperature. *Id*. The system may also include latches on the storage container that are secured to protrusions on the lid. *Id*. Paragonix is the assignee and owner of all right, title, and interest in the '557 Patent, a copy of which is attached as Exhibit 6.

## TRAFEROX AND ITS INFRINGING PRODUCTS

28. Traferox is in the business of manufacturing, offering for sale, selling, and distributing products, devices, and systems for the storing, preserving, and transporting of human organs.

29. On information and belief, Traferox directly and/or indirectly offers to sell and distribute its infringing products throughout the United States, including in Texas.

30. On information and belief, Traferox makes, uses, offers to sell, sells, and/or imports the Accused Products in the United States.

31. On information and belief, Traferox makes, uses, offers to sell, sells, and/or imports the X°Port Lung Preservation System in the United States, infringing the Asserted Patents. An image of the X°Port Lung Preservation System is provided below.




Ex. 31 (Traferox X°Port Lung Preservation System Product Page).

32. On information and belief, Traferox makes, uses, offers to sell, sells, and/or imports the X°Port Heart Preservation System in the United States, infringing the Asserted Patents. An image of the X°Port Heart Preservation System is provided below.




Ex. 32 (Traferox X°Port Heart Preservation System Product Page).

33. On information and belief, Traferox makes, uses, offers to sell, sells, and/or imports the VI°Port Liver Preservation System in the United States, infringing the Asserted Patents. An image of the VI°Port Liver Preservation System is provided below.




Ex. 33 (Traferox VI°Port Liver Preservation System Product Page).

34. The X°Port Lung Preservation System, X°Port Heart Preservation System, and VI°Port Liver Preservation System are collectively referred to herein as the "Accused Products."

**TRAFEROX'S KNOWLEDGE OF ITS INFRINGEMENT**

35. On information and belief, Traferox is aware of Paragonix's patent portfolio, including the Asserted Patents. On information and belief, Traferox is further aware that its activities (including selling, offering for sale, and importing the Accused Products) constitute patent infringement of the Asserted Patents.

36. For example, on September 25, 2023, in response to a letter from Paragonix, Traferox identified Paragonix's U.S. Patent No. 11,166,452 ("the '452 Patent") and acknowledged its relevance to organ preservation devices.

37. The ’187, ’813, ’557, and ’943 Patents are in the same family as the ’452 Patent.

38. In response to Traferox’s September 2023 letter, Paragonix identified U.S. Provisional Application Nos. 62/650,610 and 62/516,581 in a November 2023 letter.

39. The ’187, ’813, ’557, and ’943 Patents all claim priority to U.S. Provisional Application Nos. 62/650,610 and 62/516,581.

40. Paragonix’s March 12, 2025 letter further noted that Paragonix holds an extensive patent portfolio in the ex vivo organ preservation space and that Traferox was not licensed under any of Paragonix’s patents. The letter specifically identified Paragonix’s U.S. Patent Nos. 12,035,708 (“the ’708 Patent”), 12,121,023 (“the ’023 Patent”), and 12,245,586 (“the ’586 Patent”), and requested that Traferox carefully review Paragonix’s patent portfolio as Traferox’s X°Port products may infringe Paragonix’s patents.

41. Traferox responded to Paragonix’s letter on April 4, 2025, acknowledging the ’708, ’023, and ’586 Patents owned by Paragonix, but asserting that no commercial activity of Traferox’s X°Port device had occurred in the United States.

42. Since that letter, Traferox has acknowledged that the Accused Products are sold commercially and used in the United States.

43. The ’729 and ’806 Patents are in the same family as the ’708, ’023, and ’586 Patents acknowledged by Traferox.

44. Paragonix marks its organ preservation products in accordance with 35 U.S.C. § 287, including at least its SherpaPak® and PancreasPak® products, with “Patent” followed by an internet address that associates the product with the ’806 Patent.

45. Paragonix marks its organ preservation products in accordance with 35 U.S.C. § 287, including at least its LUNGguard®, LIVERguard®, and BAROguard® products, with

"Patent" followed by an internet address that associates the product with the '187, '813, and '557 Patents.

46. On information and belief, Traferox is aware that Paragonix marks its products with "Patent" followed by an internet address that associates Paragonix's products with certain of the Asserted Patents, pursuant to 35 U.S.C. § 287.

47. For example, Traferox listed Paragonix's products as predicate devices for the Accused Products in FDA filings. Ex. 34 (XºPort Lung Preservation System 510(k) Summary), Ex. 35 (XºPort Heart Preservation System 510(k) Summary), Ex. 36 (VIºPort Liver Preservation System 510(k) Summary).

48. At least as early as the date of the filing of this Complaint, Traferox has received actual notice of its infringement and has continued to knowingly engage in the activities alleged to infringe each of the Asserted Patents.

## GENERAL ALLEGATIONS

49. Traferox has directly and indirectly infringed and continues to directly and indirectly infringe each of the Asserted Patents by engaging in acts constituting infringement under 35 U.S.C. § 271(a), (b), and/or (c), including but not necessarily limited to one or more of making, using, selling, offering to sell, and importing into the United States, and inducing and contributing to infringement by others, in Texas and elsewhere in the United States, of the Accused Products.

50. Traferox's acts of infringement have caused and continue to cause damage to Paragonix. As a result of Traferox's wrongful acts, Paragonix is entitled to recover damages from Traferox in an amount to be awarded at trial.

51. Traferox's infringement of the Asserted Patents has been and continues to be willful. Traferox has been aware of its infringement of Paragonix's patents as described more fully above but has continued to commit infringing acts despite being forewarned of its infringement.

52. Traferox has committed and continues to commit acts of infringement despite a high likelihood that its actions constitute infringement, and Traferox knew or should have known that its actions constituted an unjustifiably high risk of infringement.

53. Traferox's infringement of the Asserted Patents is causing irreparable harm for which Paragonix has no adequate remedy at law unless Traferox is enjoined by this Court. Under 35 U.S.C. § 283, Paragonix is entitled to a permanent injunction against further infringement of the Asserted Patents.

54. As set forth in the above section titled "Traferox's knowledge of its infringement," Paragonix marks its products in accordance with 35 U.S.C. § 287, which provides constructive notice to Traferox of its infringement.

55. In the interest of providing detailed averments of infringement, Paragonix has identified at least one claim per patent to demonstrate infringement. However, the selection of claims should not be considered limiting, and additional claims of the Asserted Patents that are infringed by Traferox will be disclosed in compliance with any applicable local rules and standing orders.

**COUNT ONE**
**(Infringement of U.S. Patent No. 12,543,729)**

56. Paragonix incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

57. On information and belief, Traferox has directly infringed and is directly infringing claims of the '729 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing the Accused Products.

58. Attached as Exhibits 7–9 are claim charts demonstrating the manner by which Traferox and the Accused Products infringe each element of at least claim 1 of the ’729 Patent. Paragonix incorporates these charts into this Complaint as if fully set forth herein.

59. Exhibits 7–9 disclose a preliminary identification of infringed claims, made without the benefit of discovery or claim construction in this action. Paragonix therefore expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise. Paragonix will identify each claim of the ’729 Patent that is infringed in accordance with the applicable scheduling order in this case.

60. On information and belief, Traferox has been aware of and has had notice of the ’729 Patent and its infringement of the ’729 Patent since at least the filing of this Complaint.

61. On information and belief, by continuing to make, use, sell, offer to sell and/or import the Accused Products on or after Traferox first had notice of its infringement, Traferox indirectly infringed and continues to indirectly infringe at least claim 1 of the ’729 Patent by active inducement under 35 U.S.C. § 271(b). Traferox has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the ’729 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Traferox has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Traferox’s direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the Accused Products in the United States. Traferox has performed and continues to perform these affirmative acts with knowledge of the ’729 Patent and with knowledge

and intent that such actions would induce infringement of the ’729 Patent by Traferox’s direct and indirect customers.

62. On information and belief, by continuing to make, use, sell, offer to sell and/or import the Accused Products on or after Traferox first had notice of its infringement, Traferox indirectly infringed and continues to indirectly infringe at least claim 1 of the ’729 Patent by contributorily infringing under 35 U.S.C. § 271(c). Traferox’s affirmative acts of manufacturing, selling, offering for sale, and/or importing the Accused Products and components thereof in Texas and elsewhere in the United States, contribute to Traferox’s customers and end-users directly infringing the ’729 Patent. The Accused Products and components thereof, including the components identified above, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Traferox to be especially made or especially adapted for use in infringement of the ’729 Patent.

63. On information and belief, Traferox has performed and continues to perform the above-identified acts of infringement with knowledge of the ’729 Patent and with intent, or willful blindness, that they cause the direct or indirect infringement of the ’729 Patent. Accordingly, Traferox’s continued infringement of the ’729 Patent is willful and deliberate, entitling Paragonix to increased damages under 35 U.S.C. § 284.

64. On information and belief, Paragonix has suffered and continues to suffer damages as a result of Traferox’s infringement of the ’729 Patent in an amount to be determined at trial, but no less than a reasonable royalty.

65. On information and belief, Traferox’s infringement of the ’729 Patent is causing irreparable harm for which Paragonix has no adequate remedy at law unless Traferox is enjoined

by this Court. Under 35 U.S.C. § 283, Paragonix is entitled to a permanent injunction against further infringement of the ’729 Patent.

66. On information and belief, and in light of the allegations above, including Traferox’s willful infringement of the ’729 Patent, this case is exceptional under 35 U.S.C. § 285, entitling Paragonix to costs and attorneys’ fees incurred in prosecuting this action.

**COUNT TWO**
**(Infringement of U.S. Patent No. 12,557,806)**

67. Paragonix incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

68. On information and belief, Traferox has directly infringed and is directly infringing claims of the ’806 Patent, including at least claims 9 and 21, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing the Accused Products.

69. Attached as Exhibits 10–12 are claim charts demonstrating the manner by which the Accused Products infringe each element of at least claims 9 and 21 of the ’806 Patent. Paragonix incorporates these charts into this Complaint as if fully set forth herein.

70. Exhibits 10–12 disclose a preliminary identification of infringed claims, made without the benefit of discovery or claim construction in this action. Paragonix therefore expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise. Paragonix will identify each claim of the ’806 Patent that is infringed and each product that Paragonix is aware of that infringes the ’806 Patent in accordance with the applicable scheduling order in this case.

71. On information and belief, Traferox has been aware of and has had notice of the ’806 Patent and its infringement of the ’806 Patent since at least the filing of this Complaint.

72. On information and belief, by continuing to make, use, sell, offer to sell and/or import the Accused Products on or after Traferox first had notice of its infringement, Traferox indirectly infringed and continues to indirectly infringe at least claims 9 and 21 of the ’806 Patent by active inducement under 35 U.S.C. § 271(b). Traferox has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the ’806 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Traferox has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Traferox’s direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the Accused Products in the United States. Traferox has performed and continues to perform these affirmative acts with knowledge of the ’806 Patent and with knowledge and intent that such actions would induce infringement of the ’806 Patent by Traferox’s direct and indirect customers.

73. On information and belief, by continuing to make, use, sell, offer to sell and/or import the Accused Products on or after Traferox first had notice of its infringement, Traferox indirectly infringed and continues to indirectly infringe at least claims 9 and 21 of the ’806 Patent by contributorily infringing under 35 U.S.C. § 271(c). Traferox’s affirmative acts of manufacturing, selling, offering for sale, and/or importing the Accused Products and components thereof in Texas and elsewhere in the United States, contribute to Traferox’s customers and end-users directly infringing the ’806 Patent. The Accused Products and components thereof, including the components identified above, are not staple articles or commodities of commerce, have no

substantial non-infringing uses, and are known by Traferox to be especially made or especially adapted for use in infringement of the ’806 Patent.

74. On information and belief, Traferox has performed and continues to perform the above-identified acts of infringement with knowledge of the ’806 Patent and with intent, or willful blindness, that they cause the direct or indirect infringement of the ’806 Patent. Accordingly, Traferox’s continued infringement of the ’806 Patent is willful and deliberate, entitling Paragonix to increased damages under 35 U.S.C. § 284.

75. On information and belief, Paragonix has suffered and continues to suffer damages as a result of Traferox’s infringement of the ’806 Patent in an amount to be determined at trial, but no less than a reasonable royalty.

76. On information and belief, Traferox’s infringement of the ’806 Patent is causing irreparable harm for which Paragonix has no adequate remedy at law unless Traferox is enjoined by this Court. Under 35 U.S.C. § 283, Paragonix is entitled to a permanent injunction against further infringement of the ’806 Patent.

77. On information and belief, and in light of the allegations above, including Traferox’s willful infringement of the ’806 Patent, this case is exceptional under 35 U.S.C. § 285, entitling Paragonix to costs and attorneys’ fees incurred in prosecuting this action.

## COUNT THREE
## (Infringement of U.S. Patent No. 12,564,187)

78. Paragonix incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

79. On information and belief, Traferox has directly infringed and is directly infringing claims of the ’187 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing the Accused Products.

80. Attached as Exhibits 13–15 are claim charts demonstrating the manner by which the Accused Products infringe each element of at least claim 1 of the '187 Patent. Paragonix incorporates these charts into this Complaint as if fully set forth herein.

81. Exhibits 13–15 disclose a preliminary identification of infringed claims, made without the benefit of discovery or claim construction in this action. Paragonix therefore expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise. Paragonix will identify each claim of the '187 Patent that is infringed and each product that Paragonix is aware of that infringes the '187 Patent in accordance with the applicable scheduling order in this case.

82. On information and belief, Traferox has been aware of and has had notice of the '187 Patent and its infringement of the '187 Patent since at least the filing of this Complaint.

83. On information and belief, by continuing to make, use, sell, offer to sell and/or import the Accused Products on or after Traferox first had notice of its infringement, Traferox indirectly infringed and continues to indirectly infringe at least claim 1 of the '187 Patent by active inducement under 35 U.S.C. § 271(b). Traferox has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '187 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Traferox has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Traferox's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the Accused Products in the United States. Traferox has performed and continues to perform these affirmative acts with knowledge of the '187 Patent and with knowledge

and intent that such actions would induce infringement of the ’187 Patent by Traferox’s direct and indirect customers.

84. On information and belief, by continuing to make, use, sell, offer to sell and/or import the Accused Products on or after Traferox first had notice of its infringement, Traferox indirectly infringed and continues to indirectly infringe at least claim 1 of the ’187 Patent by contributorily infringing under 35 U.S.C. § 271(c). Traferox’s affirmative acts of manufacturing, selling, offering for sale, and/or importing the Accused Products and components thereof in Texas and elsewhere in the United States, contribute to Traferox’s customers and end-users directly infringing the ’187 Patent. The Accused Products and components thereof, including the components identified above, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Traferox to be especially made or especially adapted for use in infringement of the ’187 Patent.

85. On information and belief, Traferox has performed and continues to perform the above-identified acts of infringement with knowledge of the ’187 Patent and with intent, or willful blindness, that they cause the direct or indirect infringement of the ’187 Patent. Accordingly, Traferox’s continued infringement of the ’187 Patent is willful and deliberate, entitling Paragonix to increased damages under 35 U.S.C. § 284.

86. On information and belief, Paragonix has suffered and continues to suffer damages as a result of Traferox’s infringement of the ’187 Patent in an amount to be determined at trial, but no less than a reasonable royalty.

87. On information and belief, Traferox’s infringement of the ’187 Patent is causing irreparable harm for which Paragonix has no adequate remedy at law unless Traferox is enjoined

by this Court. Under 35 U.S.C. § 283, Paragonix is entitled to a permanent injunction against further infringement of the ’187 Patent.

88. On information and belief, and in light of the allegations above, including Traferox’s willful infringement of the ’187 Patent, this case is exceptional under 35 U.S.C. § 285, entitling Paragonix to costs and attorneys’ fees incurred in prosecuting this action.

**COUNT FOUR**
**(Infringement of U.S. Patent No. 12,610,943)**

89. Paragonix incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

90. On information and belief, Traferox has directly infringed and is directly infringing claims of the ’943 Patent, including at least claims 1, 18, 19, and 20, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing the Accused Products.

91. Attached as Exhibits 16–18 are claim charts demonstrating the manner by which Traferox and the Accused Products infringe each element of at least claims 1, 18, 19, and 20 of the ’943 Patent. Paragonix incorporates these charts into this Complaint as if fully set forth herein.

92. Exhibits 16–18 disclose a preliminary identification of infringed claims, made without the benefit of discovery or claim construction in this action. Paragonix therefore expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise. Paragonix will identify each claim of the ’943 Patent that is infringed and each product that Paragonix is aware of that infringes the ’943 Patent in accordance with the applicable scheduling order in this case.

93. On information and belief, Traferox has been aware of and has had notice of the ’943 Patent and its infringement of the ’943 Patent since at least the filing of this Complaint.

94. On information and belief, by continuing to make, use, sell, offer to sell and/or import the Accused Products on or after Traferox first had notice of its infringement, Traferox indirectly infringed and continues to indirectly infringe at least claims 1, 18, 19, and 20 of the '943 Patent by active inducement under 35 U.S.C. § 271(b). Traferox has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '943 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Traferox has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Traferox's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the Accused Products in the United States. Traferox has performed and continues to perform these affirmative acts with knowledge of the '943 Patent and with knowledge and intent that such actions would induce infringement of the '943 Patent by Traferox's direct and indirect customers.

95. On information and belief, by continuing to make, use, sell, offer to sell and/or import the Accused Products on or after Traferox first had notice of its infringement, Traferox indirectly infringed and continues to indirectly infringe at least claims 1, 18, 19, and 20 of the '943 Patent by contributorily infringing under 35 U.S.C. § 271(c). Traferox's affirmative acts of manufacturing, selling, offering for sale, and/or importing the Accused Products and components thereof in Texas and elsewhere in the United States, contribute to Traferox's customers and end-users directly infringing the '943 Patent. The Accused Products and components thereof, including the components identified above, are not staple articles or commodities of commerce, have no

substantial non-infringing uses, and are known by Traferox to be especially made or especially adapted for use in infringement of the ’943 Patent.

96. On information and belief, Traferox has performed and continues to perform the above-identified acts of infringement with knowledge of the ’943 Patent and with intent, or willful blindness, that they cause the direct or indirect infringement of the ’943 Patent. Accordingly, Traferox’s continued infringement of the ’943 Patent is willful and deliberate, entitling Paragonix to increased damages under 35 U.S.C. § 284.

97. On information and belief, Paragonix has suffered and continues to suffer damages as a result of Traferox’s infringement of the ’943 Patent in an amount to be determined at trial, but no less than a reasonable royalty.

98. On information and belief, Traferox’s infringement of the ’943 Patent is causing irreparable harm for which Paragonix has no adequate remedy at law unless Traferox is enjoined by this Court. Under 35 U.S.C. § 283, Paragonix is entitled to a permanent injunction against further infringement of the ’943 Patent.

99. On information and belief, and in light of the allegations above, including Traferox’s willful infringement of the ’943 Patent, this case is exceptional under 35 U.S.C. § 285, entitling Paragonix to costs and attorneys’ fees incurred in prosecuting this action.

**COUNT FIVE**
**(Infringement of U.S. Patent No. 12,660,813)**

100. Paragonix incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

101. On information and belief, Traferox has directly infringed and is directly infringing claims of the ’813 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing the Accused Products.

102. Attached as Exhibits 19–21 are claim charts demonstrating the manner by which the Accused Products infringe each element of at least claim 1 of the ’813 Patent. Paragonix incorporates these charts into this Complaint as if fully set forth herein.

103. Exhibits 19–21 disclose a preliminary identification of infringed claims, made without the benefit of discovery or claim construction in this action. Paragonix therefore expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise. Paragonix will identify each claim of the ’813 Patent that is infringed and each product that Paragonix is aware of that infringes the ’813 Patent in accordance with the applicable scheduling order in this case.

104. On information and belief, Traferox has been aware of and has had notice of the ’813 Patent and its infringement of the ’813 Patent since at least the filing of this Complaint.

105. On information and belief, by continuing to make, use, sell, offer to sell and/or import the Accused Products on or after Traferox first had notice of its infringement, Traferox indirectly infringed and continues to indirectly infringe at least claim 1 of the ’813 Patent by active inducement under 35 U.S.C. § 271(b). Traferox has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the ’813 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Traferox has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Traferox’s direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the Accused Products in the United States. Traferox has performed and continues to perform these affirmative acts with knowledge of the ’813 Patent and with knowledge

and intent that such actions would induce infringement of the ’813 Patent by Traferox’s direct and indirect customers.

106. On information and belief, by continuing to make, use, sell, offer to sell and/or import the Accused Products on or after Traferox first had notice of its infringement, Traferox indirectly infringed and continues to indirectly infringe at least claim 1 of the ’813 Patent by contributorily infringing under 35 U.S.C. § 271(c). Traferox’s affirmative acts of manufacturing, selling, offering for sale, and/or importing the Accused Products and components thereof in Texas and elsewhere in the United States, contribute to Traferox’s customers and end-users directly infringing the ’813 Patent. The Accused Products and components thereof, including the components identified above, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Traferox to be especially made or especially adapted for use in infringement of the ’813 Patent.

107. On information and belief, Traferox has performed and continues to perform the above-identified acts of infringement with knowledge of the ’813 Patent and with intent, or willful blindness, that they cause the direct or indirect infringement of the ’813 Patent. Accordingly, Traferox’s continued infringement of the ’813 Patent is willful and deliberate, entitling Paragonix to increased damages under 35 U.S.C. § 284.

108. On information and belief, Paragonix has suffered and continues to suffer damages as a result of Traferox’s infringement of the ’813 Patent in an amount to be determined at trial, but no less than a reasonable royalty.

109. On information and belief, Traferox’s infringement of the ’813 Patent is causing irreparable harm for which Paragonix has no adequate remedy at law unless Traferox is enjoined

by this Court. Under 35 U.S.C. § 283, Paragonix is entitled to a permanent injunction against further infringement of the ’813 Patent.

110. On information and belief, and in light of the allegations above, including Traferox’s willful infringement of the ’813 Patent, this case is exceptional under 35 U.S.C. § 285, entitling Paragonix to costs and attorneys’ fees incurred in prosecuting this action.

**COUNT SIX**
**(Infringement of U.S. Patent No. 12,740,557)**

111. Paragonix incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

112. On information and belief, Traferox has directly infringed and is directly infringing claims of the ’557 Patent, including at least claims 1 and 11, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing the Accused Products.

113. Attached as Exhibits 22–24 are claim charts demonstrating the manner by which the Accused Products infringe each element of at least claims 1 and 11 of the ’557 Patent. Paragonix incorporates these charts into this Complaint as if fully set forth herein.

114. Exhibits 22–24 disclose a preliminary identification of infringed claims, made without the benefit of discovery or claim construction in this action. Paragonix therefore expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise. Paragonix will identify each claim of the ’557 Patent that is infringed and each product that Paragonix is aware of that infringes the ’557 Patent in accordance with the applicable scheduling order in this case.

115. On information and belief, Traferox has been aware of and has had notice of the ’557 Patent and its infringement of the ’557 Patent since at least the filing of this Complaint.

116. On information and belief, by continuing to make, use, sell, offer to sell and/or import the Accused Products on or after Traferox first had notice of its infringement, Traferox indirectly infringed and continues to indirectly infringe at least claims 1 and 11 of the ’557 Patent by active inducement under 35 U.S.C. § 271(b). Traferox has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the ’557 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Traferox has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Traferox’s direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the Accused Products in the United States. Traferox has performed and continues to perform these affirmative acts with knowledge of the ’557 Patent and with knowledge and intent that such actions would induce infringement of the ’557 Patent by Traferox’s direct and indirect customers.

117. On information and belief, by continuing to make, use, sell, offer to sell and/or import the Accused Products on or after Traferox first had notice of its infringement, Traferox indirectly infringed and continues to indirectly infringe at least claims 1 and 11 of the ’557 Patent by contributorily infringing under 35 U.S.C. § 271(c). Traferox’s affirmative acts of manufacturing, selling, offering for sale, and/or importing the Accused Products and components thereof in Texas and elsewhere in the United States, contribute to Traferox’s customers and end-users directly infringing the ’557 Patent. The Accused Products and components thereof, including the components identified above, are not staple articles or commodities of commerce, have no

substantial non-infringing uses, and are known by Traferox to be especially made or especially adapted for use in infringement of the ’557 Patent.

118. On information and belief, Traferox has performed and continues to perform the above-identified acts of infringement with knowledge of the ’557 Patent and with intent, or willful blindness, that they cause the direct or indirect infringement of the ’557 Patent. Accordingly, Traferox’s continued infringement of the ’557 Patent is willful and deliberate, entitling Paragonix to increased damages under 35 U.S.C. § 284.

119. On information and belief, Paragonix has suffered and continues to suffer damages as a result of Traferox’s infringement of the ’557 Patent in an amount to be determined at trial, but no less than a reasonable royalty.

120. On information and belief, Traferox’s infringement of the ’557 Patent is causing irreparable harm for which Paragonix has no adequate remedy at law unless Traferox is enjoined by this Court. Under 35 U.S.C. § 283, Paragonix is entitled to a permanent injunction against further infringement of the ’557 Patent.

121. On information and belief, and in light of the allegations above, including Traferox’s willful infringement of the ’557 Patent, this case is exceptional under 35 U.S.C. § 285, entitling Paragonix to costs and attorneys’ fees incurred in prosecuting this action.

## DEMAND FOR A JURY TRIAL

Paragonix hereby demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Paragonix prays for the following judgments and relief:

(a) A judgment that Traferox has infringed and is infringing the Asserted Patents;

(b) A permanent injunction against Traferox and its affiliates, subsidiaries, assignees, employees, agents or anyone acting in privity or concert from infringing the Asserted Patents,

including enjoining the making, offering to sell, selling, using, or importing into the United States products claimed in any of the claims of the Asserted Patents; using or performing methods claimed in any of the claims of the Asserted Patents; inducing others to use and perform methods that infringe any claim of the Asserted Patents; or contributing to others using and performing methods that infringe any claim of the Asserted Patents, until the expiration of the Asserted Patents;

(c) A judgment that Traferox's infringement of the Asserted Patents was willful and that Traferox's continued infringement of the Asserted Patents is willful;

(d) An award of damages adequate to compensate Paragonix for Traferox's patent infringement, and an accounting to adequately compensate Paragonix for the infringement, including, but not limited to, lost profits and/or a reasonable royalty;

(e) An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

(f) An award of damages for willful infringement;

(g) An order finding that this is an exceptional case and awarding Paragonix its costs, expenses, disbursements, and reasonable attorneys' fees related to Traferox's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

(h) Such other further relief, in law or equity, as this Court deems just and proper.

Date: October 30, 2026

Respectfully submitted,

*/s/ M. Scott Stevens*

M. Scott Stevens
Adam D. Swain
**ALSTON & BIRD LLP**
950 F Street, NW
Washington, DC 20004
Tel: (202) 239-3622
Fax: (202) 239-3333
scott.stevens@alston.com
adam.swain@alston.com

Christopher L. McArdle
Paul Tanck
**ALSTON & BIRD LLP**
90 Park Ave.
New York, NY 10016
Tel: (212) 210-9400
Fax: (212) 210-9444
chris.mcardle@alston.com
paul.tanck@alston.com

*Counsel for Plaintiff*
*Paragonix Technologies, Inc.*